IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


SHONEY'S NORTH AMERICA LLC     )
                               )
v.                             )  NO. 3-12-0574
                               )  JUDGE CAMPBELL
VIDRINE RESTURANTS, INC.,      )
et al.                         )


MEMORANDUM

Pending before the Court is Defendants' Motion to Stay (Docket No. 38). Defendants ask the Court to stay these proceedings pending Plaintiff's compliance with the dispute resolution procedures set forth in the parties' franchise agreements. For the reasons stated herein, Defendants' Motion to Stay is GRANTED.

Plaintiff has characterized this action as one to enforce a liquidated damages provision in certain franchise agreements between Plaintiff and the Defendants. Defendants argue that this action is premature because the parties are required to engage in the dispute resolution process outlined in the franchise agreements. Defendants argue that this action must be stayed until Plaintiff shows the Court that it has complied with those dispute resolution provisions.

The franchise agreements[1] provide that the "Resolution of Disputes" section (Section H) applies to disputes between the parties and "arising out of or relating to" the franchise agreements or the parties' business relationships that exist or activities conducted as a result of the franchise agreements (defined as "Disputes"). Docket No. 1-1, p. 35. The franchise agreements go on to say:

_____

[1] Section H is the same in the six agreements attached to the Complaint as Docket Nos. 1-1, 1-2, 1-3, 1-4, 1-5 and 1-6.

You and we have agreed to attempt to resolve amicably any Dispute without the necessity of litigation. If any Dispute arises, the parties agree to utilize these procedures before commencing any legal action, except as provided in Section 18.D.[2] If a party fails to use these procedures prior to commencing any legal action, the other party will be entitled to an abatement of the legal action pending compliance with the requirements set forth below, upon filing the appropriate procedural motion in the legal proceeding and bringing this provision to the attention of the court or other legal authority having jurisdiction over the matter.

Docket No. 1-1, pp. 35-36.

The franchise agreements also provide that an initiating party must give written notice to the other party in order to start the dispute resolution process. Docket No. 1-1, p. 36. If the Dispute has not been resolved within 30 days after the date of the notice, any party may cease direct negotiations and submit the Dispute to mediation in accordance with the mediation provisions of the agreement. *Id*. Finally, the agreements state the following: "The parties agree not to commence any legal action or seek other remedies prior to the expiration of seven days following the termination of the mediation process." *Id*.

Plaintiff asserts that the parties did engage in the dispute resolution process, negotiations were abandoned, and none of the parties exercised its right to mediate under the franchise agreements. Plaintiff also argues that the franchise agreements were terminated on or before December 11, 2011, and the dispute resolution procedures did not survive termination. Finally, Plaintiff maintains that Defendants have waited too late to exercise this option and are merely using the provisions as tools for unnecessary delay.[3]

---

[2] Section 18.D. provides that Plaintiff has the right to preliminary injunctive relief to restrain conduct by Defendants under certain circumstances not at issue herein.

[3] This action was filed on June 5, 2012. Defendants did not seek to stay this litigation in favor of the dispute resolution procedures until December 14, 2012.

2

In Reply, Defendants assert that the parties' direct negotiations were unsuccessful in creating a global resolution and, in fact, the parties have not engaged in dispute resolution procedures (direct negotiation) at all with regard to two of the locations/franchises. Furthermore, Defendants contend that the parties never mediated any of these disputes and that they have a contractual right to have this litigation stayed pending complete compliance with the dispute resolution procedures in their franchise agreements.

With regard to Plaintiff's argument that the dispute resolution provisions did not survive termination of the agreements, the Court finds that, under the Continuing Obligations section of the agreements, the dispute resolution provisions "by their nature" survive the expiration or termination of the agreements and continue in full force and effect subsequent to and notwithstanding their expiration or termination until they are satisfied in full or by their nature expire. *See* Docket No. 1-1, p. 33.

The Court finds that the parties' agreements include dispute resolution provisions which expressly say that the parties agree to exercise those provisions prior to legal action. There is no evidence before the Court that the parties have completed those procedures, including mediation.

Accordingly, Defendants' Motion to Stay (Docket No. 38) is GRANTED, and this action is stayed, in accordance with the accompanying Order, pending further Order of the Court.

IT IS SO ORDERED.

Todd Campbell

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

3

4